1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  RAYMOND W. SAKAI, State Bar No. 193507
   rsakai@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   A Professional Corporation
4  100 West Broadway, Suite 1200
   Glendale, California 91210-1219
5  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937
6
   Attorneys for Defendants
7  County of Los Angeles, Sheriff Leroy D. Baca, Assistant Sheriff Marvin O.
   Cavanaugh, Chief Mark L. Klugman, Chief Sammy L. Jones, Robert
8  Fish, Ph.D., Chief Neal Tyler, Sergeant Dan Belland, and Chief Carl Deeley

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  LUZ FUENTES, etc., | )  Case No. CV 08-01258 ABC (SSx) |
| 14              Plaintiffs, | )  Consolidated with: |
| 15       vs. | )  Case No. CV 08-03881 ABC (SSx) |
| 16  COUNTY OF LOS ANGELES; et al., | )  **DISCOVERY MATTER** |
| 17 | )  Hon. Suzanne H. Segal |
| 18              Defendants. | ) |
| | )  **PROTECTIVE ORDER** |
| 19  LUZ FUENTES, et al., | ) |
| 20              Plaintiffs, | ) |
| 21       vs. | ) |
| 22  WARDEN HAWS, et al., | ) |
| 23              Defendants. | ) |
| 24 | ) |

25       Having reviewed and considered the Parties' Stipulation For Protective

26  Order, good cause showing therein, IT IS SO ORDERED:

27

28

                                    1

FUENTES\PLDG\DISC\COLA PROT ORDER - ORDER

1

2    **I.       INTRODUCTION AND STATEMENT OF GOOD CAUSE.**

3          1.    Plaintiff.  The Plaintiff in this action is Luz Fuentes ("Plaintiff" and/or

4    "Receiving Party"), the mother of Decedent Jose Daniel Cruz, aka, Jose Daniel

5    Cruz Fuentes, Edgar Jimenez, and Jose Garcia ("Decedent").

6          2.    State Defendants.  The State Defendants are the State of California

7    employees S. Mohr, G. Hing and F. Haws ("State Defendants").

8          3.    County Defendants.  The County Defendants are the County of Los

9    Angeles, Los Angeles County Sheriff Leroy Baca, Assistant Sheriff Marvin O.

10   Cavanaugh, Chief Mark L. Klugman, Chief Sammy L. Jones, Robert Fish, Ph.D.,

11   Chief Neal Tyler, Commander Carl Deeley and Sergeant Dan Belland ("County

12   Defendants" and/or "Disclosing Party;" Plaintiffs and Defendants are collectively

13   referred to as the "Parties").

14         4.    Receiving Parties.  The Receiving Parties shall refer to all Parties

15   receiving information from the County Defendants pursuant to this protective

16   order.

17         5.    Case Summary.  This case arises from inmate Kurt Karcher's

18   altercation with Decedent, his cellmate in Defendant County's jail, in or around

19   May 2007.  Decedent died in or about June 2007.

20         6.    Good Cause Statement.  The Parties anticipate that during discovery in

21   this action they will exchange documents, items, or materials and other information

22   that contain sensitive and confidential information that derives actual or potential

23   value from not being generally known to the public and are the subject of

24   reasonable efforts to maintain their secrecy and confidentiality ("Confidential

25   Information").  Confidential Information includes the County jail custody records

26   of third-party-inmate Kurt Karcher and homicide investigations relating to Mr.

27   Karcher.  Such information is subject to the official information privilege, the right

28   to privacy guaranteed in Federal Constitution, First Amendment and California

2

Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure. Further, the underlying criminal case is currently being prosecuted against Mr. Karcher.

7.    <u>Interests In Favor Of Protective Order.</u>  This order is necessary to expedite discovery, while maintaining confidential and private information of inmate Kurt Karcher and contained in the homicide investigations that serve as the bases if this action, and to protect parties or persons from annoyance, embarrassment, oppression, or undue burden or expense. Further, disclosure of such information without a protective order may compromise the safety third parties.

8.    <u>Stipulation.</u>  The Parties are entering into this Stipulated Protective Order to protect against any improper disclosure or risk of circumvention of law that might result from disclosure of sensitive and confidential law enforcement information as described in this Order.  To informally resolve this discovery matter, the Parties have agreed to this stipulated protective order that carefully limits the use and dissemination of the Confidential Information.

## II.    **USE AND DISSEMINATION OF THE CONFIDENTIAL INFORMATION.**

9.    <u>Confidential Information.</u>  This protective order shall apply to all Confidential Information, produced by The County Defendants to the Parties.  The Confidential Information shall include, but not be limited to, originals and copies of relevant interrogatory responses obtained from the County Defendants in this matter; all originals and copies of relevant documents responsive to the Parties' requests for production of documents obtained from the County Defendants in this matter; and all originals and copies of transcripts, video recordings, and audio recordings of any deposition taken in this matter during which the Confidential Information is used, mentioned, reviewed, discussed, or referred to.  The Confidential Information shall be subject to this Protective Order as follows:

FUENTES\PLDG\DISC\COLA PROT ORDER - ORDER

10. <u>Storage Of Confidential Information.</u>  Immediately upon production by the Disclosing Party, attorneys for Receiving Party shall personally secure and maintain the Confidential Information in their possession.  The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

11. <u>Confidential Information Legend.</u>  All documents containing Confidential Information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and shall be sealed pursuant to this Order.

12. <u>Limitation Of Use Of Confidential Information.</u>  Attorneys for Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Information, in any manner, including orally, beyond the disclosure permitted under the terms and conditions of this Order.  Any such disclosure shall be construed as a violation of this Order, except when used for purposes of this litigation as described in Paragraph Nos. 15 and 16 of this Order and it is done so under seal.

13. <u>Testimony Regarding The Confidential Information.</u>  In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation as Confidential Information, either orally during the deposition or in writing within ten (10) business days after receipt of the deposition transcript.  Until expiration of the ten (10) business-day period, the entire deposition shall be treated as Confidential Information.  Further, to the extent that Confidential Information may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall sign a statement as set forth in paragraph 18.  Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons

4

authorized to review the Confidential Information as provided in this Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

14.    Inadvertent Disclosure.  If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it.

15.    Limitations On The Non-Litigation Use Of Confidential Information. The secrecy and confidentiality of the Confidential Information exchanged during discovery in this action shall be maintained, and all Confidential Information exchanged will be used solely for the litigation of this action entitled.  No Confidential Information or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Information shall be reproduced, disseminated, or disclosed to any person or use for any purpose except in accordance with this Stipulation and Order or by further Order of the Court.  Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, or other publications.  The Receiving Party is prohibited from placing any of the Confidential Information on the internet.

16.    Court Filings.  If necessary in the judgment of attorneys for Receiving Party, said attorneys may show or reveal the contents of the Confidential Information to the court only pursuant to Local Rule 79-5.

17.     <u>Other Persons Authorized To Review Confidential Information.</u>  The Parties' attorneys of record may be permitted to see originals and obtain copies of the Confidential Information covered by this Order.  Also, Defendants, including officers, directors, employees, and experts thereof may be permitted to review the Confidential Information.  Additionally, paralegals, secretaries, expert witnesses, and other individuals and entities that may be employed or retained by the Receiving Party to assist in the preparation and/or the litigation of this action may be permitted to see originals and obtain copies of the Confidential Information covered by this Order, provided such experts and employees have first executed the written statement set forth in paragraph 18 below, and comply with the provisions of that section.

18.     <u>Applicability Of Order To Other Persons.</u>  Prior to the disclosure of any Confidential Information to any person described above, attorneys for Receiving Party who seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the Disclosing Party the following acknowledgment:

"I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to the handling, use and disclosure of each Confidential Document.  I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:  _____ /s/_____"

6

1    This written requirement applies to, but is not limited to, paralegals,

2    secretaries, expert witnesses, and other individuals and entities that may be

3    employed or retained by Receiving Party's counsel to assist in the preparation

4    and/or the litigation of this action.  The Receiving Party shall be responsible for

5    maintaining the signed original of each such written statement until the conclusion

6    of these proceedings, including any appeal.

7        19.   No waiver of objections.  Nothing in this Stipulation and Order

8    constitutes any decision by the Court concerning discovery disputes or the

9    admission into evidence of any specific document or testimony or liability for

10   payment of any costs of production or reproduction of documents.  This Order also

11   does not constitute a waiver by any party of any right to object to discovery or

12   admission into evidence of any document, record, testimony or other information

13   that is subject to this Order.  Nor do Defendants waive any privileges, including,

14   but not limited to, the investigatory files or official information privileges, *see e.g.*,

15   *Weiner v. FBI*, 943 F. 2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141

16   F.R.D. 292 (C.D. Cal. 1992) by entering into this order.

17       20.   Subpoena for Confidential Information.  In the event that the

18   Receiving Party receives a subpoena, discovery request, or other legal process

19   seeking production of Confidential Information, the Receiving Party must give

20   prompt written notice to the Disclosing Party.  The Receiving Party shall inform the

21   person or entity seeking the information of the existence of this Stipulation and

22   Order and shall not produce the Confidential Information absent a Court Order

23   requiring such production.

24       21.   Modification.  For good cause, any party may seek a modification of

25   this Order, first by attempting to obtain the consent of the other parties to such

26   modification, and then, absent consent, by application to this Court.

27

28

FUENTES\PLDG\DISC\COLA PROT ORDER - ORDER

22.   <u>Return of Confidential Information.</u>  No more than thirty (30) calendar days after the conclusion of this case the Receiving Parties and every other person and/or entity who received originals or copies of the Confidential Information shall return all originals, copies of the Confidential Information, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to paragraph 18 of this Order, to the Disclosing Party care of:

> Paul B. Beach, Esq.
>
> Lawrence Beach Allen & Choi, PC
>
> 100 West Broadway, Suite 1200
>
> Glendale, California 91210-1219;

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

23.   <u>Survivability of Order.</u>  This Stipulation and Order shall survive the termination of this action, and the Court shall retain jurisdiction to enforce it.


10/6/09                                         /S/

Dated: _____        _____

                                                    Honorable Suzanne H. Segal
                                                    United States Magistrate District Judge

FUENTES\PLDG\DISC\COLA PROT ORDER - ORDER